COHEN, J.
 

 After Christopher Ruddy was involved in an automobile accident with Steven Carelli, he filed suit against Metropolitan Insurance Company (hereafter “Metropolitan”) seeking damages for Carelli’s
 
 *1056
 
 negligence and asserting a claim for uninsured/underinsured motorist coverage under his policy. Following an effort at mediation, Metropolitan informed Ruddy that his policy required the tortfeasor to be joined as a party and subsequently filed a motion for summary judgment alleging the failure to join Carelli precluded suit under the policy. Ruddy then amended his complaint, seeking a declaratory judgment that he was entitled to uninsured/underinsured motorist coverage independent of whether Carelli was joined. The trial court granted Metropolitan’s motion for final summary judgment. We reverse.
 

 Metropolitan argues that Ruddy did not preserve his argument that the policy condition requiring him to join the tortfeasor was void as against public policy. We believe this argument is unpersuasive because Ruddy argued below the general proposition that an insured is not required to file suit against the tortfeasor as a precondition to obtaining uninsured motorist benefits. Based on this determination, we acknowledge, but do not address
 
 Saris v. State Farm Mutual Automobile Insurance Co.,
 
 49 So.3d 815 (Fla. 4th DCA 2010), which concluded that a policy condition requiring suit against the uninsured driver as a precondition to obtaining uninsured motorist benefits was fundamental error, and could be argued for the first time on appeal.
 

 The pertinent language in the instant insurance policy states that Metropolitan “may” require an insured filing a claim for uninsured or underinsured motorist coverage to “take appropriate action to preserve your right to recover damages from any other person responsible for the bodily injury. Also, in any lawsuit against us, we may require you to join the responsible person as a defendant.” Despite being phrased as a permissive condition, raising an issue as to whether it constituted a condition precedent or condition subsequent, we do not find this language to be sufficiently distinguishable from the mandatory language in
 
 Diaz-Hernandez v. State Farm Fire and Casualty Co.,
 
 19 So.3d 996 (Fla. 3d DCA 2009). Accordingly, we agree and adopt the reasoning in
 
 Diaz-Hemandez
 
 that a policy provision requiring an insured to join the tortfeasor as a condition to bringing or maintaining a suit for uninsured/underinsured benefits is against public policy and void.
 
 See also Saris,
 
 49 So.3d at 815. In fairness to the trial court, it should be noted that it did not have the benefit of either opinion at the time of its ruling.
 

 Accordingly, the final summary judgment is reversed.
 

 REVERSED.
 

 TORPY and EVANDER, JJ., concur.